1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@dgdk.com*
2  KEVIN D. MEEK (State Bar No. 280562)
   *kmeek@dgdk.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   1900 Avenue of the Stars, 11th Floor
4  Los Angeles, California 90067-4402
   Telephone: (310) 277-0077
5  Facsimile:  (310) 277-5735

6  Attorneys for Plaintiff David A. Gill,
   Chapter 7 Trustee

7
                **UNITED STATES BANKRUPTCY COURT**
8
                 **CENTRAL DISTRICT OF CALIFORNIA**
9
                    **LOS ANGELES DIVISION**
10

11 | In re                                    | Case No. 2:14-bk-29882-WB
   |                                          |
12 | CHRIS MARKOS,                            | Chapter 7
   |                                          |
13 |          Debtor.                         | Adv. No.
   | _____         |
14 | DAVID A. GILL, as Chapter 7 Trustee      | **COMPLAINT FOR: [1]**
   | for the bankruptcy estate of Chris       | **DECLARATORY RELIEF; AND, [2]**
15 | Markos,                                  | **TURNOVER**
   |                                          |
16 |          Plaintiff,                      | **Pretrial Conference:**
   |                                          | Date:   [SEE SUMMONS]
17 |     vs.                                  | Time:   [SEE SUMMONS]
   |                                          | Place:  Courtroom 1375
18 | THE HENRY C. MARKOS TRUST;               |         255 E. Temple St.
   | ATHINA FLOOR aka STEPHANIE S.            |         Los Angeles, CA 90012
19 | FLOOR, as successor trustee of the       |
   | Henry C. Markos Trust; and CHRIS         |
20 | MARKOS, an individual,                   |
   |                                          |
21 |          Defendants.                     |
   | _____         |
22
23
24
25
26
27
28

1302479.2  1429882A                      1

Plaintiff alleges:

# I.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The claims for relief alleged in this Complaint arise under Title 11 of the United States Code (the "Code") and arise in or under bankruptcy case no. 2:14-bk-29882-WB (the "Bankruptcy Case") which is presently pending under Chapter 7 of the Code in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

2.     This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

# II.

## THE PARTIES

3.     Plaintiff is David A. Gill, who brings this adversary proceeding solely in his representative capacity as the Chapter 7 trustee ("Trustee" or "Plaintiff")  for the bankruptcy estate of Chris Markos (the "Debtor").

4.     Plaintiff is informed and believes, and based thereon alleges, that defendant the Henry C. Markos Trust (the "Markos Trust") is a trust operating under and by virtue of the laws of the State of California.

5.     Defendant Chris Markos is the debtor herein.

6.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, defendant Athina S. Floor aka Stephanie Floor ("Stephanie") is an individual.  Plaintiff is informed and believes, and based thereon alleges, that Stephanie is the Debtor's sister.

7.     Plaintiff is informed and believes, and based thereon alleges, that Stephanie is the sole trustee of the Markos Trust.

# III.

1302479.2  1429882A

2

## GENERAL ALLEGATIONS

### Bankruptcy Background:

8.    The Bankruptcy Case was commenced on or about October 21, 2014 (the "Petition Date"), when the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Code and is currently pending in the Los Angeles Division of the Bankruptcy Court.

9.    David A. Gill (the "Plaintiff" or "Trustee") subsequently accepted appointment as the Chapter 7 Trustee for the Debtors' estate and continues to serve in that capacity for the benefit of creditors.

### The Markos Trust:

10.    Plaintiff is informed and believes, and based thereon alleges, that the Markos Trust was created on or about December 9, 2012.

11.    Plaintiff is informed and believes, and based thereon alleges, that Henry C. Markos ("Henry") was the settlor, initial trustee, and initial beneficiary of the Markos Trust.

12.    Plaintiff is informed and believes, and based thereon alleges, that Henry died on or about November 27, 2013.

13.    Plaintiff is informed and believes, and based thereon alleges, that upon Henry's death, the Debtor's sister, Stephanie, became the successor trustee of the Markos Trust, and continues to act in that capacity.

14.    Pursuant to Article III, section C of the Markos Trust, the Markos Trust became irrevocable upon Henry's death on November 27, 2013.

15.    As of November 27, 2013 (i.e. prior to the Petition Date), the Debtor had a vested interest in the Markos Trust, which was required to be distributed to the Debtor. As a result, that interest was and remains property of the Debtor's Estate.

16.    Pursuant to 11 U.S.C. § 541(a), Plaintiff owns all legal and equitable interests of the Debtor in property as of the Petition Date, including, but not limited to, the Debtor's interest in the Markos Trust ("the Beneficial Interest").

1302479.2  1429882A

3

17.    The Markos Trust is in possession of the Beneficial Interest which is property of the Bankruptcy Estate within the meaning of 11 U.S.C. §541(a).

## IV.

### FIRST CLAIM FOR RELIEF

**Declaratory Relief**

**(Against All Defendants)**

18.    Plaintiff refers to and, by this reference, fully incorporates herein all allegations in Paragraphs 1 through 17, inclusive, of this Complaint.

19.    An actual dispute exists between the Plaintiff, on the one hand, and Defendants, on the other hand, regarding their respective rights and interests in and to the Beneficial Interest.  The Beneficial Interest constitute property of the Bankruptcy Estate and Defendants are required by 11 U.S.C. § 542 to make any distributions on account of the Beneficial Interests to Plaintiff.  To the extent that the Markos Trust contains a valid spendthrift provision, the Estate is entitled to at least 25% of the Beneficial Interest pursuant to applicable California law.  Defendants have refused to distribute any of the Beneficial Interest to Plaintiff despite Plaintiff's demand for same.

20.    A judicial determination is necessary and appropriate at this time so that all disputes as to the respective rights and interests of the Plaintiff and the Defendants in and to the Beneficial Interest may be resolved.

## V.

### SECOND CLAIM FOR RELIEF

**For Turnover Order**

**(Against Geller Trust and Esther)**

21.    Plaintiff refers to and, by this reference, fully incorporates herein all allegations in Paragraphs 1 through 20, inclusive, of this Complaint.

1      22.    Plaintiff is informed and believes and, based thereon, alleges that the

2  Beneficial Interest is in the possession, custody, or control of the Defendants.  The

3  Beneficial Interest is property of the Bankruptcy Estate and that the Beneficial

4  Interest, can be used, sold, or leased by Plaintiff under Section 363 of the Code.

5      23.    Pursuant to the provisions of Section 542 of the Code, Plaintiff is

6  entitled to an order directing turnover by the Defendants of the Beneficial Interest to

7  the Trustee, or the cash value of the Beneficial Interest as of the Petition Date, plus

8  interest thereon.

9      **WHEREFORE**, Plaintiff prays for judgment against the Defendants as

10  follows:

11      ON THE FIRST CLAIM FOR RELIEF

12      i.    For a judgment declaring that the Beneficial Interest constitutes property

13  of the Bankruptcy Estate of the Debtor within the meaning of 11 U.S.C. § 541(a).

14      ON THE SECOND CLAIM FOR RELIEF

15      i.    That judgment be entered directing Defendants Stephanie and the

16  Markos Trust to immediately turnover to Plaintiff the Beneficial Interest as of the

17  Petition Date, or the value thereof according to proof, plus interest thereon.

18      ON ALL CLAIMS FOR RELIEF

19      i.    For Plaintiff's costs of suit incurred herein; and,

20      ii.    For such other and further relief as the Court deems just and proper.

21

22  Dated:  November 13, 2015         DANNING, GILL, DIAMOND &

23                                     KOLLITZ, LLP

24                    By:       /s/ Kevin D. Meek

25                          KEVIN D. MEEK

26                          Attorneys for Plaintiff Brad D. Krasnoff,
                               Chapter 7 Trustee

27

28

FORM B104  (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS DAVID A. GILL, as Chapter 7 Trustee for the bankruptcy estate of Chris Markos | DEFENDANTS THE HENRY C. MARKOS TRUST; ATHINA FLOOR aka STEPHANIE S. FLOOR, as successor tee of the Henry C. Markos Trust, CHRIS MARKOS, etc |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Kevin D. Meek, Esq., Danning, Gill, Diamond & Kollitz, LLP, 1900 Ave. of the Stars, 11th Fl., Los Angeles, CA 90067 - (310) 277-0077 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☒ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief; Turnover

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

**(continued next column)**

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CHRIS MARKOS | | BANKRUPTCY CASE NO.<br>2:14-bk-29882-WB |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>Julia W. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>November 13, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kevin D. Meek | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| KEVIN D. MEEK (State Bar No. 280562)<br>DANNING, GILL, DIAMOND & KOLLITZ, LL<br>1900 Avenue of the Stars, 11th Floor<br>Los Angeles, CA 90067<br><br>Tel: 310-277-0077<br>Fax: 310-277-5735<br>Email: kmeek@dgdk.com<br><br>*Attorney for Plaintiff* David A. Gill, Ch. 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: CHRIS MARKOS | CASE NO.: 2:14-bk-29882-WB |
|---|---|
| | CHAPTER: 7 |
| Debtor(s). | ADVERSARY NUMBER: |
| DAVID A. GILL, as Ch. 7 Trustee for the bankruptcy estate of Chris Markos,<br><br>Plaintiff(s)<br><br>Versus<br><br>THE HENRY C. MARKOS TRUST; ATHINA FLOOR aka STEPHANIE S. FLOOR, as successor trustee of the Henry C. Markos Trust; and CHRIS MARKOS, an individual,<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Place:** |
|---|---|
| **Time:** _____ | [X] 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** "1375"_____ | [ ] 3420 Twelfth Street, Riverside, CA 92501 |
| | [ ] 411 West Fourth Street, Santa Ana, CA 92701 |
| | [ ] 1415 State Street, Santa Barbara, CA 93101 |
| | [ ] 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                         Page 1                         **F 7004-1.SUMMONS.ADV.PROC**

F70041

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.